UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAWRENCE WRIGHT,    )
           )
   Plaintiff,    )   Civil Action No. 3:21-CV-685-CHB
           )
v.          )
           )   **MEMORANDUM OPINION**
LOUISVILLE METRO GOVERNMENT, )
           )
   Defendant.   )
           )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on initial review of the Complaint, [R. 1], pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons that follow, this action will be dismissed.

**I.**

Plaintiff Lawrence Wright, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 against the Louisville Metro Government.[1]  [R. 1].  He alleges "Harassment – Racial Profiling" and that the LMPD continues to "harass" him.  *Id.* at 3-4.

In the Statement of Claim section of the complaint form, Plaintiff alleges that it was daylight when "[t]he officer tail me for blocks and then pulled me over for nothing other then cause I'm a black man."  *Id.* at 4.  He further alleges:

> I was driving then soon as the cop see a black man he started following me for blocks the[n] he pulled me over I said why you pulling me over he then ask my name then said I ain't worry about you I ask him his name and he said nothing then drove off fast and reckless[.]

---

[1] While Plaintiff names the Louisville Metro Government as Defendant in the caption of the complaint form, he names the Louisville Metro Police Department (LMPD) as Defendant in the Parties section of the form.  [R. 1, pp. 1-2].

*Id.*  Plaintiff claims he was injured as follows:  "[I]t has effected me mentally I'm tired of getting harass and racial profiled because of my skin color and my rights being violated and the justice system does nothing but let the racist cops get away with treating less then a human being."  *Id.* at 5.

As relief, Plaintiff seeks monetary and punitive damages and for "the cops to stop harassing, and stop violat[ing] my rights[ and] Stop embarrassing me in public for no reason." *Id.* at 5-6.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that

2

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

When a § 1983 claim is made against a municipality, like the Louisville Metro Government,[2] this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality

---

[2] To the extent Plaintiff also seeks to sue the LMPD, the Court construes the claims against the LMPD as being brought against the Louisville Metro Government as the real party in interest because the LMPD is not an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).

cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff makes conclusory allegations of harassment and racial profiling and alleges one incident of being pulled over by an officer. These allegations fail to demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. The complaint, therefore, fails to establish a basis of liability against the Louisville Metro Government and fails to state a cognizable § 1983 claim.

Consequently, the Court will dismiss this action by separate Order.

This the 10th day of August, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Plaintiff, *pro se*
        Jefferson County Attorney
A958.005

4